UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD STAFFNEY,

    Petitioner,

v.                                                CASE NO. 19-10551

MICHIGAN DEPARTMENT           HON. AVERN COHN
OF CORRECTIONS, et al.,

    Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION UNDER 28 U.S.C. § 2244(b)(3)(A)

### I. Introduction

This is a habeas case under 28 U.S.C. § 2241. Petitioner Harold Staffney is challenging Michigan convictions for first-degree murder, Mich. Comp. Laws § 750.316, and possession of a firearm during the commission of felony ("felony firearm"), Mich. Comp. Laws § 750.227b. Petitioner claims that: (1) there was no probable cause to arrest and prosecute him because a medical document listed the cause of death as accidental injuries; and (2) he was improperly tried for first-degree murder, despite initially being bound him over for trial on a charge of second-degree murder. As will be explained, this is not Petitioner's first habeas petition. According, for the reasons that follow, the petition will be transferred to the United States Court of Appeals for the Sixth Circuit as a second or successive petition.

### II. Background

Following a jury trial in 1987, Petitioner was found guilty of first-degree murder and felony firearm. On January 6, 1988, the trial court sentenced Petitioner to two

years in prison for the felony-firearm conviction and to a consecutive term of life imprisonment for the murder. The Michigan Court of Appeals affirmed Petitioner's convictions, People v. Staffney, 468 N.W.2d 238 (Mich. 1990), and the Court has found no record of a direct appeal to the Michigan Supreme Court.

In 1991 and 1998, Petitioner challenged his convictions in habeas petitions filed in the United States District Court for the Western District of Michigan. Both petitions were dismissed without prejudice for failure to exhaust state-court remedies. See Staffney v. Harry, No. 1:07-cv-677, 2007 WL 2592771, at *1 (W.D. Mich. Sept. 4, 2007) (unpublished order explaining the early history of Petitioner's case).

In 2003, Petitioner filed another habeas petition challenging the same convictions. That petition was dismissed with prejudice because Petitioner had failed to comply with the one-year statute of limitations for habeas petitions. See Staffney v. Berghuis, No. 4:03-cv-106 (W.D. Mich. Aug. 20, 2003) (unpublished). The Sixth Circuit denied a certificate of appealability as to all issues, Staffney v. Berghuis, No. 03-2187 (6th Cir. Mar. 8, 2004) (unpublished), and the Supreme Court denied certiorari. In re Harold Staffney, 543 U.S. 841 (2004).

Since then, Petitioner has filed other habeas petitions that were transferred to the Sixth Circuit as second or successive petitions. See Staffney v. Unknown Party, No. 1:18-cv-74, pp. 1-2 (W.D. Mich. Jan. 31, 2018) (unpublished order collecting cases). In each of those cases, the Sixth Circuit denied authorization to file a habeas petition in the district court. Id., p. 2.

In 2018, Petitioner raised his habeas claims in a state complaint for the writ of habeas corpus. The state court denied his request for a writ of habeas corpus. See Staffney v. Palmer, No. 18-S-33091-AH (Ionia Cty. Cir. Ct. Apr. 27, 2018). The Michigan Court of Appeals dismissed Petitioner's subsequent complaint for a writ of habeas corpus. See Staffney v. Michigan Reformatory Warden, No. 343796 (Mich. Ct. App. Sept. 4, 2018). The Michigan Supreme Court denied leave to appeal on February 4, 2019. Staffney v. Michigan Reformatory Warden, 922 N.W.2d 367 (Mich. 2019) (table).

On February 22, 2019, Petitioner filed the present petition.

### III. Analysis

Under to 28 U.S.C. § 2244(b)(3)(A), habeas petitioners generally have only "one shot to pursue their claims in federal court. For petitions filed after the first one— 'second or successive' petitions in the language of the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." In re Stansell, 828 F.3d 412, 413 (6th Cir. 2016). Section 2244(b)(3)(A) "requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive' petition in district court." In re Tibbetts, 869 F.3d 403, 405 (6th Cir. 2017), cert. denied sub nom. Tibbetts v. Jenkins, 138 S. Ct. 661 (2018).

Although "not all second-in-time petitions are 'second or successive,' " In re Coley, 871 F.3d 455, 457 (6th Cir. 2017),

> this not-second-or-successive exception is generally restricted to two scenarios. The first is where ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition. See Stewart v. Martinez-Villareal, 523 U.S. 637, 645, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (noting that "in [such] situations, the habeas petitioner does not receive an adjudication of his claim"). The second is where a federal court dismissed an earlier petition because it contained exhausted and unexhausted claims and in doing so never passed on the merits. See Slack v. McDaniel, 529 U.S. 473, 485–86, 120 S.Ct. 1595, 146 L. Ed. 2d 542 (2000).

Id.

Petitioner's claims were ripe when he filed his third habeas corpus petition and that petition was denied for failure to comply with the statute of limitations. The "dismissal of a habeas petition as untimely constitutes a disposition on the merits" and renders a subsequent petition second or successive under § 2244(b). McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009). Accordingly, the current petition is a second or successive petition, and Petitioner should have sought authorization from the Court of Appeals to file the petition.

The fact that the petition was filed under 28 U.S.C. § 2241 (the general habeas statute), rather than 28 U.S.C. § 2254 (the more specific habeas statute for prisoners in custody pursuant to a state judgment), does not excuse Petitioner's failure to seek prior authorization from the Court of Appeals. "[S]ection 2244(b) applies to any habeas corpus petition seeking relief from custody pursuant to a state court judgment." Rittenberry v. Morgan, 468 F.3d 331, 336 (6th Cir. 2006).

This Court lacks jurisdiction to consider Petitioner's second or successive petition without prior authorization from the Court of Appeals. Burton v. Stewart, 549 U.S. 147, 157 (2007); Franklin v. Jenkins, 839 F.3d 465, 475 (6th Cir. 2016), cert. denied, 137 S.

Ct. 2188 (2017). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without prior authorization from the Court of Appeals, the district court must transfer the petition to the Court of Appeals under 28 U.S.C. § 1631.[1] In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Clerk of Court shall TRANSFER this case to the Sixth Circuit for a determination of whether this Court may adjudicate Petitioner's claims.

SO ORDERED.

                                s/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE

Dated: 3/27/2019
       Detroit, Michigan

---

[1] Section 1631 states that,

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.